[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12470
Non-Argument Calendar
_____

Agency No. A094-932-994

LUZ MARINA URIAS DE VELASQUEZ,
MARIO VELASQUEZ CISNEROS,
KATHERINE VELASQUEZ URIAS,
JOSELLINNE URIAS CHINCHILLA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 20, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

The Board of Immigration Appeals ("BIA") affirmed an Immigration Judge ("IJ") order denying Petitioners, parents and two teenage daughters,[1] asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and denial of relief under the Convention Against Torture ("CAT"). Petitioners now seek this court's review[2] of the asylum and withholding of removal rulings.[3]

The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien meets the definition of "refugee," as defined by INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or

---

[1] Petitioners are Luz Marina Urias De Velasquez, her husband, Mario Velasquez Cisneros, and their two teenage daughters, Katherine Velasquez Urias and Josellinne Urias Chinchilla.

[2] We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Here, because the BIA did not expressly adopt the IJ's decision, we review the BIA's decision only. To the extent that the BIA's decision was based on a legal determination, we review the decision *de novo*. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006).

[3] Petitioners do not argue in their brief to this court that the BIA erred in denying CAT relief. Thus, their claim to such relief is abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  Eligibility for withholding of removal and asylum is established if the petitioner can show that persecution was, at least in part, motivated by a protected ground.  *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 820-21 (11th Cir. 2007).

We defer to the BIA's *Acosta* formulation of a "particular social group" ("PSG").  *Castillo-Arias*, 446 F.3d at 1196; *Matter of Acosta*, 19 I.&N.  Dec. 211, 233 (BIA 1985), *overruled on other grounds* by *Matter of Mogharrabi*, 19 I.&N. Dec. 439 (BIA 1987).  Under *Acosta*, persecution on account of membership in a PSG means "persecution that is directed toward an individual who is a member of a group of persons all of whom share a common, immutable characteristic . . . such as sex, color, or kinship ties, or in some circumstances it might be a shared past experience, such as former military leadership or land ownership."  *Acosta*, 19 I.&N. Dec. at 233.  This common characteristic must be something other than the risk of being persecuted.  *See Castillo-Arias*, 446 F.3d at 1193-94, 1199.

Further, the social visibility of the members of a particular group is to be considered in determining whether that PSG is afforded protection under the INA. *See id.* at 1197.  Particular social groups are not a catch-all for persons alleging persecution, but who do not fit into other protected groups. *Id.* at 1198.  A

3

purported social group lacks particularity if it makes up a potentially large and diffuse segment of society. *See Matter of S-E-G-*, 24 I.&N. Dec. 579, 585 (BIA 2008); *Castillo-Arias*, 446 F.3d at 1198.

Petitioners' claims for asylum is based on the fact that the petitioning daughters were raped on four separate occasions by members of the Mara 18 gang the petitioning refused to transport drugs for them and threw them out of his taxicab for smoking drugs in the cab.  The IJ and BIA held that the group Petitioners claim membership in does not constitute a PSG within the meaning of the INA.  Petitioners disagree.

In their brief, Petitioners say that their group consists of those who suffer persecution based on their gender, that the Mara 18 gang was "enforcing their collection of money to fund their organization by committing the most heinous crime that can be committed on a female," rape.  Petitioners' br. At 25.  "From the beginning," the gang warned that if their demands were not met, "they were going to harm [the] daughters and these threats were ultimately carried out."  *Id.*  According to Petitioners, families in El Salvador facing such persecution are a PSG under *Acosta*.   We disagree.

According to *Acosta,* a PSG consists of "a group of persons all of whom share a common, immutable characteristic . . . such as sex, color, or kinship ties, or

4

in some circumstances it might be a shared past experience." Petitioners's purported PSG must be read as families in El Salvador with daughters, not as families with daughters who were raped as Petitioners imply.[4] This group is overly broad and does not have the particularity necessary to constitute a PSG. Since Petitioners's group is not a PSG, they failed to establish persecution based on a protected ground and were not eligible for asylum or withholding of removal.

PETITION DENIED.

---

[4] Petitioner Mario Velasquez Cisneros, the father, was not subjected to the gang's demands because he had two daughters, he was subjected to the demands because he possessed a vehicle that could be used to transport the gang's drugs.

5